WAYNE GREENWALD, P.C.
*Attorneys for the Plaintiffs*
*INN World Report, Inc., Leonard C. LaBanco*
*Thomas Kiely, Faith Kiely, and*
 *John E. Morris*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
INN WORLD REPORT, INC., LEONARD C. LABANCO
THOMAS KIELY, FAITH KIELY, and JOHN E. MORRIS,

          Plaintiffs,
- against-                                                                 19 -CIV-

MB FINANCIAL BANK, N.A., and
FIFTH THIRD BANK as successor in interest,

          Defendants,
-------------------------------------------------------------------------X

## COMPLAINT

Each of the above-named Plaintiffs by their attorneys as and for their complaint states:


### JURISDICTION AND VENUE

1. The Plaintiff, INN World Report, Inc., maintains offices in New Jersey.

2. The Plaintiff, Leonard C. LaBanco, resides in New Jersey.

3. The Plaintiff, John E. Morris resides in Austin Texas.

4. The Plaintiffs Thomas Kiely, Faith Kiely reside in New Jersey.

5. Upon information and belief, the Defendant, MB Financial Bank, N.A. ("MB"),

   maintains offices at 6111 N River Rd, Rosemont, IL 60018.

- 1 -

6. Upon information and belief, the Defendant, MB maintains offices at 258 Hawkins Avenue, Ronkonkoma, NY.

7. Upon information and belief, the Defendant, Fifth Third Bank ("Fifth Third") maintains offices at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

8. Upon information and belief, the Defendant, Fifth Third Bank maintains offices at 5 Penn Plz # 2300, New York, NY 10001.

9. Upon information and belief, the Defendant, Fifth Third acquired the Defendant, MB.

10. Upon information and belief, the Defendant, Fifth Third became successor in interest to MB's assets and liabilities.

11. Upon information and belief, the transactions described in this Complaint occurred within the Southern District of New York.

12. This Court has subject matter jurisdiction over this action based on 28 U.S.C. § 1331 as this civil action arises under rights conferred by laws of the United States.

13. This Court has subject matter jurisdiction over this action based on 28 U.S.C. § 1334(b) as this is a civil proceeding related to a case under title 11 of the United States Code.

14. Upon information and belief, this Court has subject matter jurisdiction over the Complaint's claims for relief not arising under federal law, pursuant to 28 U.S.C. § 1367(a) based on this Court's supplementary jurisdiction over those claims which are claims that are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15. This district is the appropriate district for this action, pursuant to 28 U.S.C. § 1391(b) as a

substantial part of the events or omissions giving rise to the claims stated herein occurred within the Southern District of New York.

## **FIRST CLAIM FOR RELIEF**

16. Each of the Plaintiffs restate the allegations contained in paragraphs numbered "1" through "15" of this Complaint with the same force and effect as if stated fully here.

17. On January 30, 2013, Guy William Morris (the "Debtor"), filed a petition for relief under chapter 11 of the United States Bankruptcy Code.

18. The Debtor's case is *In re Guy William Morris,* Case No. 12-11238-TBM, United States Bankruptcy Court for the District of Colorado (the "Case").

19. Each of the Plaintiffs was a creditor of the Debtor in the Case.

20. The filing of the Debtor's Case put into effect an automatic stay affecting all of the Debtor's property.

21. The filing of the Debtor's Case put into effect an automatic stay affecting all of the property of the Debtor's estate created by the Debtor filing the Case.

22. The Debtor's estate created by the Debtor filing the Case consisted of

    (1)    all legal or equitable interests of the Debtor in property as of the commencement of the Case.

    (2)    All interests of the Debtor and the Debtor's spouse in community property as of the commencement of the Case that is–

        (A)    under the sole, equal, or joint management and control of the Debtor; or

- (B) liable for an allowable claim against the Debtor, or for both an allowable claim against the Debtor and an allowable claim against the Debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of the Bankruptcy Code.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510© or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the Debtor on the date of the filing of the petition, and that the Debtor acquires or becomes entitled to acquire within 180 days after such date–

- A) by bequest, devise, or inheritance;
- B) as a result of a property settlement agreement with the Debtor's spouse, or of an interlocutory or final divorce decree; or
- C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual Debtor after the commencement of the Case.

(7) Any interest in property that the estate acquires after the commencement of the Case.

(The "Estate")

23. When the Case was filed, the Debtor as the sole equity security interest holder in the entity known as 56 Walker LLC ("56 Walker").

24. When the Case was filed, the Debtor owned 100% of the equity security interests in 56 Walker.

25. 56 Walker was part of the Debtor's Estate in the Case.

26. Upon information and belief, an action against 56 Walker would have an immediate adverse economic consequences on the Debtor's Estate.

27. Upon information and belief, an action against 56 Walker's assets would have an immediate adverse economic consequences on the Debtor's Estate.

28. The automatic stay afforded the Debtor by 11 U.S.C. § 362(a) in his Case affected 56 Walker.

29. The automatic stay afforded the Debtor by 11 U.S.C. § 362(a) in his Case affected 56 Walker's assets.

30. On or about April 22, 2009, the Defendant, MB, by its predecessor in interest, Broadway Bank, an Illinois Banking Corporation ("Broadway"), commenced a foreclosure proceeding against 56 Walker, in the Supreme Court of the State of New York, for New York County, Index No. 105617/2009 (the "Foreclosure").

31. Upon information and belief, Broadway knew of the Debtor' Case.

32. MB knew of the Debtor's Case.

33. Broadway knew of the Debtor' Case when it filed and prosecuted the Foreclosure.

34. MB knew of the Debtor's Case when it filed and prosecuted the Foreclosure.

35. The Foreclosure sought to foreclosure on real estate owned by 56 Walker, located at 56 Walker Street, New York, New York, 10013 (the "Property").

36. MB did not seek relief from the automatic stay provided the Debtor in his Case so MB could prosecute the Foreclosure.

37. MB did not obtain relief from the automatic stay provided the Debtor in his Case so MB could prosecute the Foreclosure.

38. MB did not seek a determination in the Debtor's Case that there was no automatic stay in the Debtor's Case so MB could prosecute the Foreclosure.

39. MB did not obtain a determination in the Debtor's Case that there was no automatic stay in the Debtor's Case so MB could prosecute the Foreclosure.

40. Upon information and belief, on April 22, 2013, MB was granted summary judgment in the Foreclosure so it could foreclose on the Property (the "Foreclosure Decision").

41. On May 13, 2013, 56 Walker filed its own petition for relief under chapter 11 of the United States Bankruptcy Code  ("56 Walker's Case").

42. 56 Walker's Case was filed with the United States Bankruptcy Court for the Southern District of New York, Case No. 13-11571-alg.

43. The Bankruptcy Court in 56 Walker's case determined that it was bound by the Foreclosure Decision.

44. A plan of reorganization was promulgated in 56 Walker's Case (the "Plan").

45. The Plan provided for Property's sale (the "Sale").

46. The Plan provided for the Property's Sale free and clear of each of the Plaintiffs' claims against the Property.

47. The Plan provided for the Property's Sale free and clear of each of the Plaintiffs' claims against the Debtor.

48. The Plan provided for the Property's Sale free and clear of each of the Plaintiffs interests in the Property.

49. Upon information and belief, but for the Foreclosure Decision, there would have been no Sale.

50. Upon information and belief, but for the Foreclosure Decision, there would have been no Plan.

51. Upon information and belief, but for the Foreclosure Decision, the Plaintiffs would have received a greater distribution on account of their claims against the Debtor had there been no Plan.

52. Upon information and belief, but for the Foreclosure Decision, the Plaintiffs would have received a greater recovery on account of their claims against the Debtor had there been no Plan.

53. The Foreclosure Decision is the result of MB violating the Automatic Stay in the Debtor's Case.

54. Upon information and belief, by reason of MB violating the Automatic Stay in the Debtor's Case each of the Plaintiffs have been injured.

55. Upon information and belief, by reason of MB violating the Automatic Stay in the Debtor's Case each of the Plaintiffs have suffered damages.

56. Upon information and belief, by reason of MB violating the Automatic Stay in the Debtor's Case each of the Plaintiffs have suffered damages in an amount to be

determined at trial but not less than following stated amounts for each Plaintiff:

 a.) INN World Report, Inc. - $8,000,000

 b.) Leonard C. LaBanco - $6,000,000

 c.) Thomas and Faith Kiely - $250,000

 d.) John E. Morris - $20,000,000

57. Upon information and belief, by reason of MB violating the Automatic Stay in the Debtor's Case the Plaintiffs are entitled to an award of punitive damages against MB in an amount to be determined at trial but not less $80,000,000.

### SECOND CLAIM FOR RELIEF

58. Each of the Plaintiffs restate the allegations contained in paragraphs numbered "1" through "57" of this Complaint with the same force and effect as if stated fully here.

59. Upon information and belief, by reason of MB violating the Automatic Stay in the Debtor's Case, MB was in contempt of court.

60. Upon information and belief, MB's contempt of court injured each of the Plaintiffs.

61. Upon information and belief, MB's contempt of court caused each of the Plaintiffs to suffer damages.

62. Upon information and belief, by reason of MB's contempt of court each of the Plaintiffs have suffered damages in an amount to be determined at trial but not less than following stated amounts for each Plaintiff:

 a.) INN World Report, Inc. - $8,000,000

 b.) Leonard C. LaBanco - $6,000,000

        c.) Thomas and Faith Kiely - $250,000

        d.) John E. Morris - $20,000,000

63.     Upon information and belief, by reason of MB's contempt of court the Plaintiffs are entitled to an award of punitive damages against MB in an amount to be determined at trial but not less $80,000,000.

**WHEREFORE**, each of the Plaintiffs demands judgment in their favor and against the Defendants as follow:

**A.**     <u>**First Claim for Relief:**</u> A money judgment each of the Plaintiff's favor and against the Defendants, in an amount to be determined at trial and as to each of the Plaintiffs a sum not less than:

        a.) INN World Report, Inc. - $8,000,000

        b.) Leonard C. LaBanco - $6,000,000

        c.) Thomas and Faith Kiely - $250,000

        d.) John E. Morris - $20,000,000

and punitive damages against in an amount to be determined at trial but not less $80,000,000.

**B.**     <u>**Second Claim for Relief:**</u> A money judgment each of the Plaintiff's favor and against the Defendants, in an amount to be determined at trial and as to each of the Plaintiffs a sum not less than:

        a.) INN World Report, Inc. - $8,000,000

        b.) Leonard C. LaBanco - $6,000,000

        c.) Thomas and Faith Kiely - $250,000

      d.) John E. Morris - $20,000,000

and punitive damages against in an amount to be determined at trial but not less $80,000,000.

C.    The Plaintiffs' costs, disbursements and attorneys' fees incurred in bringing this action;

D.    Such other and further relief as the Court deems proper.

Dated: New York, NY
       March 21, 2019

                                      WAYNE GREENWALD, P.C.
*Attorneys for the Plaintiffs*
*INN World Report, Inc., Leonard C. LaBanco, Thomas Kiely, Faith Kiely, and John E. Morris*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

By __/s/ _Wayne M. Greenwald_Pres.
        Wayne M. Greenwald

## VERIFICATION

Leonard C. LaBanco declares:

1. I am one of the Plaintiffs in this action.

2. I have personal knowledge of the facts stated herein.

3. I have reviewed the foregoing Complaint, know its contents and same are true to the best of my knowledge, information and belief except as to those matters which are alleged upon information and belief and as to those matters I believe them to be true.

4. I declare the preceding statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, NY
       March 21, 2019

                                    ____/S/ Leonard C. LaBanco__
                                           Leonard C. LaBanco