```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
INN WORLD REPORT, INC. et al.                              :
                                                           :
                                        Plaintiffs,        :
                                                           :        19-CV-2559 (VSB)
                        -against-                          :
                                                           :        **OPINION & ORDER**
                                                           :
MB FINANCIAL BANK NA et al.                                :
                                                           :
                                        Defendants.        :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Wayne Michael Greenwald
Wayne Greenwald, P.C.
New York, New York
*Counsel for Plaintiffs*

Michael J. Venditto
Reed Smith LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

In this action, Plaintiffs Inn World Report, Inc. ("Inn World") and Leonard LaBanco ("LaBanco"), Inn World's owner, assert claims stemming from Defendants' supposed violations of an automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a). (*See generally* SAC.)[1] The automatic stay in question went into effect in January of 2013, when Guy William Morris filed for bankruptcy ("Morris Bankruptcy") in the United States Bankruptcy Court for the District of Colorado (the "Morris Stay"). (*Id.* ¶¶ 28–29.) Because Plaintiffs' claims all arise from alleged violations of an automatic bankruptcy stay, I do not have subject matter jurisdiction over this

---

[1] "SAC" refers to the Second Amended Complaint filed in this action. (Doc. 34.)

action and it must be dismissed.

## I. Background and Procedural History[2]

Plaintiffs plead that they had leases, and thus interests in property, in a townhouse in Manhattan located at 56 Walker Street (the "Property"), and that they lost these interests when the predecessor-in-interest of Defendant MB Financial Bank NA ("MB") obtained foreclosure on the Property through a state court proceeding (the "Foreclosure Action"). (*Id.* ¶¶ 18–25, 50). Plaintiffs allege that Defendants' actions in and around the Foreclosure Action violated the Morris Stay. (*Id.* ¶¶ 46–49).

This is not Plaintiffs' first attempt to challenge the Foreclosure Action on the basis of a bankruptcy stay. In September of 2011, Morris caused 56 Walker LLC, a limited liability company he owned that in turn owned the Property, to file the first of two relevant petitions it filed for chapter 11 bankruptcy. *In re 56 Walker LLC*, Case No. 11-14480 (ALG), Doc. 1 (Bankr. S.D.N.Y. Sept. 23, 2011). In October of 2011, MB moved for relief from the automatic stay that this first 56 Walker LLC bankruptcy brought into effect, expressly so that the Foreclosure Action could continue to be litigated. (*Id.* Doc. 3.) The bankruptcy court entered an order granting MB's motion on June 5, 2012. (*Id.* Doc. 130.) Leading up to this order, Inn World was served timely notice of MB's motion, (*id.* Doc. 13); appeared in the bankruptcy action on March 14, 2012 (*id.* Doc. 97); and filed a brief opposing MB's motion on March 28, 2012, (*id.* Doc. 102). After the stay was lifted over Inn World's objection, Inn World filed papers seeking to reopen adversary proceedings in order to "adjudicate," among other things,

---

[2] I provide the background and procedural history related to this matter not because it is necessary for my decision but to demonstrate that Plaintiffs have litigated these issue repeatedly over the years in various forums. Although Plaintiffs may feel aggrieved and may disagree with the decisions of judges in these various forums, they were unable to convince courts in these forums that the law supported their arguments and the relief they were seeking. They have had more than their day in court, and it is time to stop burdening the judiciary with the same issues.

"the actions of MB Bank undertaken . . . to continue [the] foreclosure proceeding . . . ." (*Id.* Doc. 138 at 4.) Ultimately, the bankruptcy court dismissed the adversary proceeding along with the rest of 56 Walker LLC's bankruptcy case. (*Id.* Doc. 164.)

After the first 56 Walker LLC bankruptcy was dismissed, the Foreclosure Action concluded with an order granting summary judgment for foreclosure of the property. *See MB Fin. Bank, N.A v. Walker, LLC*, No. 105617/2009, 2013 WL 1774094 (N.Y. Sup. Ct. Apr. 22, 2013). In reaching its ruling, the Foreclosure Action court expressly noted that, due to the Morris Stay, "no relief against Guy Morris is issued." *Id.* at *1 n.1.

In mid-2013, 56 Walker LLC filed for bankruptcy for a second time; in the course of this second bankruptcy, Inn World challenged, among other things, the conclusion of the Foreclosure Action. *See In re 56 Walker LLC*, Case No. 13-11571 (ALG), 2014 WL 1228835, at *1 (Bankr. S.D.N.Y. Mar. 25, 2014). The bankruptcy court found that it lacked jurisdiction to review the Foreclosure Action under "[t]he Rooker-Feldman doctrine." *Id.* at *3.

Separately, in Morris' bankruptcy action in Colorado, MB filed a motion for relief from the Morris Stay so that the Foreclosure Action could proceed. *In re Morris*, Case No. 13-11238 ABC, Doc. 42 (Bankr. D. Colo. Apr. 24, 2013). This motion was continued multiple times because 56 Walker LLC's second bankruptcy came with its own stay that bore on the Foreclosure Action. (*E.g.*, *id.* Docs. 75–76.) Ultimately, a month after the court in the second 56 Walker LLC bankruptcy ruled that it lacked jurisdiction to review the Foreclosure Action, MB and Morris stipulated to withdraw MB's motion for relief from the automatic stay without prejudice to renew, and an order upon that stipulation was entered. (*Id.* Docs. 125, 127.)

On May 6, 2015, in the Morris Bankruptcy, LaBanco made the first of several filings in which he disputed whether MB had "properly complied with the automatic stay as it should

have." (*E.g.*, *id.* Doc. 196 at 3.) Morris did so after MB had filed, in April of 2015, an adversary proceeding seeking a declaratory judgment stating that the Morris Stay did not apply to the Foreclosure Action. (*Id.* Doc. 173.) Ultimately, the Morris Bankruptcy court dismissed the adversary proceeding upon a settlement motion, and the court declined to stay its ruling pending appeal. (*Id.* Doc. 348.) In doing so, it "found . . . that there was little chance of the Trustee prevailing on claims against MB for violations of the stay imposed in this case . . . ." (*Id.*)

LaBanco and others appealed the dismissal of the Morris bankruptcy to the United States District Court for the District of Colorado, but their appeal was dismissed for failure to prosecute. *In re Morris*, Civil Action No. 16-cv-00987-REB-AP, Doc. 13 (D. Colo. Feb. 23, 2017.)

## II.  Lack of Subject Matter Jurisdiction

Because Plaintiffs' claims all arise from alleged violations of an automatic bankruptcy stay, I do not have subject matter jurisdiction over this action. In *Eastern Equipment and Services Corporation v. Factory Point National Bank, Bennington*, the Second Circuit held a "district court was correct to hold that it had no jurisdiction" over an action in which plaintiffs asserted state tort claims and a claim under 11 U.S.C. § 362(h) for violations of an automatic bankruptcy stay. 236 F.3d 117, 121 (2d Cir. 2001). The Second Circuit stated that "[a]ny relief for a violation of the stay must be sought in the Bankruptcy Court."[3] *Id.*; *see also id.* ("However, again, such a claim *must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases.").[4]

---

[3] Furthermore, to the extent Plaintiffs are challenging the Morris Bankruptcy court's adjudication of their claims regarding the Morris Stay, they should have actually prosecuted the appeal they noticed in the District Court for the District of Colorado. *See generally* 28 U.S.C. § 158.

[4] Because controlling precedent leaves me without subject matter jurisdiction over this action, I do not address the parties' other arguments regarding why jurisdiction or venue may be improper.

4

Accordingly, this action is DISMISSED.  The Clerk of Court is respectfully directed to close the open motion at docket number 35 and to close this action.

SO ORDERED.

Dated: October 25, 2021
       New York, New York

                                            Vernon S. Broderick
                                            United States District Judge